951 F.2d 1267
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Isabelo E. ARQUERO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3187.
 United States Court of Appeals, Federal Circuit.
 Dec. 13, 1991.
 
 Before MICHEL, CLEVENGER and ALARCON,* Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Isabelo E. Arquero seeks review of the July 16, 1990 Decision of the Administrative Judge in Docket No. SE08319010318, which became the final decision of the Merit Systems Protection Board when it denied review on January 17, 1991. The MSPB decision upheld the Office of Personnel Management's denial of Mr. Arquero's application for an annuity. We affirm.
 
 DISCUSSION
 
 2
 Mr. Arquero claims eligibility for a deferred annuity under the Civil Service Retirement Act (CSRA), which requires completion of at least five years of creditable civilian service ending with at least one of the last two years in a position covered by the CSRA. See 5 U.S.C. §§ 8331(12), 8332, 8333(a) and (b), and 8338 (1988). Mr. Arquero was employed by the Department of the Air Force between April 30, 1946 and July 1, 1978, with several short interruptions. However, he has not met the statutory requirements for annuity eligibility.
 
 
 3
 The record shows that Mr. Arquero received a refund of his retirement contributions made during his service up to October 10, 1953. Such a refund voids an employee's annuity rights for the service on which the refund is based. 5 U.S.C. § 8342(a) (1988). Yarbrough v. Office of Personnel Management, 770 F.2d 1056, 1061-61 (Fed.Cir.1985). While annuity rights may be restored by redepositing refunded contributions with interest, 5 U.S.C. § 8334(d) (1988), there is no evidence that Mr. Arquero was ever employed again under the CSRA or that he ever sought to redeposit into the fund. Mr. Arquero had the burden of establishing his entitlement to a retirement annuity. Cheeseman v. Office of Personnel Management, 791 F.2d 138, 141 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987).
 
 
 4
 The record further reveals that the remainder of Mr. Arquero's service consisted of either indefinite appointments or appointments expressly limited to less than one year. Appointments limited to less than one year, as well as indefinite appointments made after January 23, 1955, are excluded from retirement coverage. 5 C.F.R. § 831.201(a)(1) and (13). Hence, they cannot constitute creditable civilian service.
 
 
 5
 Moreover, because Mr. Arquero's final appointment, lasting from August 15, 1971 to July 1, 1978, was indefinite, his last two years of employment did not include one year of covered service as required by 5 U.S.C. § 8333(b). Accordingly, no retirement annuity deductions were made from his pay.
 
 
 6
 Therefore, the Board properly upheld OPM's denial of his request for a retirement annuity.
 
 
 
 *
 The Honorable Arthur L. Alarcon, Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation